IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ALICIA B., | * |
| Plaintiff, | * |
| | * Civil No. TMD 19-1412 |
| v. | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Alicia B. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 15).[2]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled.  No

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security.  He is, therefore, substituted as Defendant in this matter.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

hearing is necessary.  L.R. 105.6.  For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.

# I

## **Background**

On October 23, 2017, Administrative Law Judge ("ALJ") William Pflugrath held a hearing where Plaintiff and a vocational expert ("VE") testified.  R. at 41-84.  The ALJ thereafter found on December 19, 2017, that Plaintiff was not disabled from her alleged onset date of disability of February 13, 2015, through the date of the ALJ's decision.  R. at 13-40.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since February 13, 2015, and that she had severe impairments.  R. at 18-21.  She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 21-23.  In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had, among other things, a mild limitation in concentrating, persisting, or maintaining pace.  R. at 20.

> The ALJ then found that Plaintiff had the residual functional capacity ("RFC")
>
> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] could occasionally climb ramps and stairs, balance, stoop, kneel and crawl.  She can never climb ladders, ropes and scaffolds or crawl [sic].  [Plaintiff] can reach overhead with the right arm.  She can have frequent exposure to extreme humidity, wetness, heat and cold and sustained loud noises.  She can have occasional exposure to workplace hazards such as unprotected heights or dangerous machinery.  [Plaintiff] needs to occasionally alternate between sitting and standing while at the workstation. [Plaintiff] can stand and walk four hours in a workday.  She can only perform non-production paced tasks.

R. at 23.[3]  In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as a teacher aide and as an assistant day care center director, Plaintiff could perform other work in the national economy.  R. at 29-31.  The ALJ thus found that Plaintiff was not disabled from February 13, 2015, through December 19, 2017.  R. at 32.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on May 14, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v.*

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erred in assessing her RFC. Pl.'s Mem. Supp. Mot. Summ. J. 3-12, ECF No. 13-1. In particular, she contends that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 5-6. Plaintiff argues that, among other things, the ALJ failed to explain what he meant by the term "non-production paced tasks" in the RFC assessment. *Id.* at 8-10. Plaintiff also contends that the ALJ erroneously evaluated her subjective complaints. *Id.* at 12-15. For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[5] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Here, the ALJ's hypothetical to the VE and corresponding RFC assessment found that Plaintiff could, among other things, "only perform non-production paced tasks." R. at 23; *see* R. at 76. The ALJ, however, "did not give [the Court] enough information to understand what those terms mean." *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). "That makes it difficult, if not impossible, for [the Court] to assess whether their inclusion in [Plaintiff's] RFC is supported by substantial evidence." *Id.*; *see Perry v. Berryhill*, 765 F. App'x 869, 872-73 (4th Cir. 2019) (holding that ALJ's failure to explain meaning of "non-production oriented work

setting" precluded meaningful review of ALJ's conclusions); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) ("[T]his Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms 'production pace or strict production quotas.'"). Defendant maintains that the VE "understood this term and was then able to identify occupations that fall within this (and all) RFC parameters." Def.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 15-1. However, "even if 'the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported [his] findings with substantial evidence.'" *Taishika C. v. Saul*, Civil No. DLB-19-1994, 2020 WL 2994487, at *3 (D. Md. June 4, 2020) (quoting *Geneva W.*, 2019 WL 3254533, at *3). Remand is warranted "to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion." *Geneva W.*, 2019 WL 3254533, at *3. Further, even though the ALJ found Plaintiff had only a mild limitation in concentrating, persisting, or maintaining pace, "the lack of a definition of production pace is an issue separate and apart from whether the ALJ adequately accounted for a claimant's limitations in concentration, persistence, or pace. Therefore, the ALJ's error cannot be dismissed as harmless." *Ursula G. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-1841, 2019 WL 2233978, at *3 (D. Md. May 23, 2019). "On remand, the ALJ will need to establish for how long, and under what conditions, [Plaintiff] is able 'to focus [her] attention on work activities and stay on task at a sustained rate.'" *Thomas*, 916 F.3d at 312 n.5 (second alteration in original) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00E(3)).

In short, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as

important as the other two." *Id.* at 311.  The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189).  An ALJ's failure to do so constitutes reversible error.  *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017).  Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further proceedings.  *Thomas*, 916 F.3d at 311 (citing *Woods*, 888 F.3d at 694).

Because the Court remands on other grounds, it need not address her remaining arguments.  *See Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *5 n.5 (D. Md. Sept. 20, 2019) ("[B]ecause the Court is remanding this case based on an insufficient RFC assessment, which occurs between steps three and four of the disability determination, it need not reach any issues related to step five.").  In any event, the ALJ also should address these other issues raised by Plaintiff.  *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues."); *Travis X. C.*, 2019 WL 4597897, at *5 n.5 ("In the interest of a comprehensive review on remand, however, the Court will note that the ALJ does need to explain which evidence he chooses to credit and which evidence he chooses to discredit and why." (citing *Monroe*, 826 F.3d at 189)).

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: July 14, 2020                                                                /s/
                                                                                        Thomas M. DiGirolamo
                                                                                        United States Magistrate Judge